UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
FEB 27 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. Action No. 04-0875 (RJL) |
| ) | |
| $31,178.17 IN FUNDS FROM ) | |
| SCHWAB ONE MONEY MARKET ) | |
| ACCOUNT NUMBER 4263-7759, ) | |
| HELD IN THE NAMES OF ) | |
| LAWRENCE HEMPHILL AND ) | |
| GWENDOLYN M. HEMPHILL, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION
(February 24, 2006) [#9]

This is an action for forfeiture *in rem* against the *in rem* defendant $31,178.17 in funds from Schwab One Money Market Account Number 423-7759, held in the names of Lawrence Hemphill and Gwendolyn M. Hemphill ("*in rem* defendant funds"). Now before the Court is plaintiff's motion for default judgment and for a decree of forfeiture, pursuant to Federal Rule of Civil Procedure 55(b), 18 U.S.C. § 983(a)(4)(A), and Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims. For the reasons set forth below, plaintiff's motion is GRANTED.



## BACKGROUND FACTS

On May 28, 2004, plaintiff filed a verified complaint for forfeiture *in rem* against the *in rem* defendant funds held in the names of Lawrence Hemphill ("Mr. Hemphill") and Gwendolyn M. Hemphill ("Mrs. Hemphill"). (Dkt. 1.) The *in rem* defendant funds are alleged to be traceable to a series of embezzlement, wire fraud, mail fraud, and money laundering activities of Mrs. Hemphill and her co-conspirators/co-workers with the Washington Teacher's Union ("WTU"). (Pl.'s Compl. at ¶ 1.) The action was brought to enforce provisions of 18 U.S.C. § 981(a)(1)(C), which provides for the forfeiture of property constituting or derived from proceeds traceable to conspiracy to commit embezzlement from union funds, in violation of 18 U.S.C. § 371 and 29 U.S.C. § 501(c); embezzlement from union funds, in violation of 29 U.S.C. § 501(c); wire fraud, in violation of 18 U.S.C. § 1343; and mail fraud, in violation of 18 U.S.C. § 1341. (*Id.* at ¶ 1.)

The facts alleged in this civil forfeiture *in rem* action are identical to those that were tried before this Court this past summer in the criminal prosecution of Mrs. Hemphill for embezzlement, money laundering, and theft. *United States v. Baxter*, No. 03-cr-516. Plaintiff alleges, in short, that Mrs. Hemphill, together with WTU's President Barbara Bullock and Treasurer James Baxter, embezzled funds from the union by: 1) charging money to the WTU credit cards for personal expenses without proper reimbursement to the WTU treasury or authorization by WTU's executive board or membership; 2) improperly writing WTU checks to themselves; and 3) improperly writing and causing the writing of WTU

2

checks to persons other than themselves, who then cashed the checks and made the cash proceeds available to WTU officers and employees. (Pl.'s Compl. at ¶ 9.) Furthermore, Bullock, Baxter and Mrs. Hemphill concealed their misappropriation of WTU funds by purposefully avoiding the proper financial and accounting procedures required by law. (*Id.* at ¶ 10.) Mrs. Hemphill also allegedly abused her authority by engaging in a check issuing scheme and by using her WTU credit card to make thousands of dollars of unauthorized purchases of personal goods and services without reimbursing WTU. (*Id.* at ¶ 11.)

An analysis of records for bank accounts held by Mr. and Mrs. Hemphill, revealed that cash in excess of $340,000.00 was deposited into their personal accounts at Provident Bank of Maryland ("Provident account") and Chevy Chase Bank ("Chevy Chase account") between February 1998 and October 2002. (*Id.* at ¶ 15.) The investigation further revealed that on October 11, 2003, Mr. Hemphill deposited $50,000.00 in cash (namely $50 and $100 dollar bills) into the Provident account held in Mr. and Mrs. Hemphill's names. (*Id.* at ¶ 27.) Mrs. Hemphill, apparently, joined her husband during this transaction. (*Id.*) On October 13, 2003, two days later, $45,000.00 was transferred via check written by Mr. Hemphill to Mr. and Mrs. Hemphill's Schwab One Money Market account #42637759. (*Id.*) At the time of the deposit, both Mr. and Mrs. Hemphill were retired with no known source of employment income. (*Id.* at ¶ 29.) Finally, the complaint alleges that the investigation revealed that no other source of income to either Mr. or Mrs. Hemphill could account for the $50,000.00 cash deposit made to the Provident account by Mr. Hemphill on October 11, 2003. (*Id.* at ¶ 30.)

After a thirteen week trial, Mrs. Hemphill was found guilty on August 31, 2005, of conspiracy, embezzlement, wire fraud, mail fraud, money laundering, theft and making false statements. *United States v. Baxter*, No. 03-cr-516.

The complaint in this case was served upon Mr. and Mrs. Hemphill and various other parties that possibly could have had an interest in the *in rem* defendant funds. (Mem. in Support of Pl.'s Mot. for Default J. and Decree of Forfeiture for *In Rem* Defendant at 1.) A notice of seizure was published in THE DAILY WASHINGTON LAW REPORTER, on June 9, 2004, and in THE WASHINGTON TIMES, on June 11, 2004. (Mem. in Support of Pl.'s Mot. for Default J. and Decree of Forfeiture for *In Rem* Defendant at 1-2.) On June 22, 2004, Mr. Hemphill filed an answer in response to the verified complaint, but failed to file a verified claim. (Dkt. 4; Mem. in Support of Pl.'s Mot. for Default J. and Decree of Forfeiture for *In Rem* Defendant at 2.) As a result, plaintiff moved to strike Mr. Hemphill's answer on August 10, 2004. (Dkt. 5.) Mr. Hemphill failed to oppose the motion to strike and the motion was treated as conceded on February 5, 2005. (*See* Minute Order dated February 5, 2005.) The Clerk of the Court made an entry of default against the *in rem* defendant funds on February 10, 2005. (Dkt. 8.) No other party has filed a claim or pleading challenging the forfeiture of the *in rem* defendant funds, the Motion for Default Judgment and Decree of Forfeiture, and the time for filing a claim has expired.

## ANALYSIS

Local Rule of Civil Procedure 7(b) provides that an opposing party has 11 days to file a memorandum in opposition to the motion and if such party fails to do so, the Court may treat the motion as conceded. LCvR. 7(b). This rule is a "docket-management tool that facilitates efficient and effective resolution of motions by requiring the prompt joining of issues." *Fox v. American Airlines, Inc.*, 389 F.3d 1291, 1294 (D.C. Cir. 2004).

Since no party has either opposed the Motion for Default Judgment and Decree of Forfeiture or filed a verified claim as to the *in rem* defendant funds, the Court will treat the Motion for Default Judgment and Decree of Forfeiture as conceded pursuant to Local Rule of Civil Procedure 7(b).[1]

## CONCLUSION

Thus, the Court GRANTS plaintiff's Motion for Default Judgment and Decree of Forfeiture. An appropriate Order and Decree of Forfeiture will issue with this Memorandum Opinion.

_____
RICHARD J. LEON
United States District Judge

---

[1] Even if an opposition had been filed, the Court finds that the well-pleaded complaint and the facts put forth at Mrs. Hemphill's 13 week criminal trial, over which the Court presided, allege sufficient facts for the Court to find, by a preponderance of the evidence, that the *in rem* defendant funds are constituted of or derived from the proceeds traceable to the embezzlement, money laundering, and mail and wire fraud committed by Mrs. Hemphill and her co-conspirators/co-workers at the WTU. Therefore, there is no meritorious defense tot he complaint.